UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTOPHER P. ALLEN,

        Plaintiff,                         CASE NO.: 8:18-cv-2444-T-33CPT

v.

CITY OF LAKELAND, LARRY GIDDENS, in
his capacity as Chief of Police of the City of
Lakeland Police Department; Officer DEREK
GULLEDGE; Officer CODY BARDWELL; and
Officer CHAD LANDRY.

        Defendants.
_____/

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S CIVIL RIGHTS COMPLAINT AND MOTION TO STRIKE, AND INCORPORATED MEMORANDUM OF LAW

Defendants City of Lakeland, Larry Giddens, in his capacity as Chief of Police of the City of Lakeland Police Department, Officer Cody Bardwell, Officer Chad Landry, and Officer Derek Gulledge ("Defendants"), pursuant to Fed. R. Civ. P. 12(b)(6) and (f), move to dismiss the Civil Rights Complaint Form filed by Plaintiff, Christopher P. Allen, and move to strike redundant claims for relief asserted therein, and state as follows:

1.    Plaintiff filed a Civil Rights Complaint Form that generally alleges the Defendant police officers used excessive force in arresting him for possession of a stolen vehicle on May 11, 2018. (Doc. 1 at 9). In the "Statement of Claim" portion of his Complaint, Plaintiff asserts a claim under 42 U.S.C. 1983 against the individual officers, claiming they violated Plaintiff's rights under the Fourth and Eighth Amendments to the U.S. Constitution. (Doc. 1 at 9). Plaintiff also asserts a separate claim against Defendants Giddens and the City of Lakeland, asserting they

were negligent "in using, establishing or allowing a policy or procedure that fostered or encouraged the use of excessive force." (Doc. 1 at 9).

2.   Plaintiff has sued Defendants Giddens, Bardwell, Landry, and Gulledge in both their individual and official capacities, in addition to suing the City of Lakeland. (Doc. 1 at 1, 7-9).

3.   Defendants contend Plaintiff's Complaint is subject to dismissal as set forth below. Defendants also maintain that to the extent Plaintiff asserts claims against the Chief of Police and the Defendant Officers in their official capacity, that such claims are redundant and duplicative of their claims against the City and should be stricken.

**Memorandum of Law**

**I. Standard of Review**

While Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," to overcome a motion to dismiss "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). As the Supreme Court has explained, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (internal citations omitted). Thus, while a court takes the complaint's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986)(cited in Twombly, 550 U.S. at 555).

The standards set forth in Twombly also apply to claims asserted under 42 U.S.C. § 1983, see Iqbal, 127 S. Ct. at 1953, including section 1983 prisoner actions, see Douglas v. Yates, 535

F.3d 1316, 1321 (11th Cir. 2008); Davis v. Coca-Cola Bottling Co. Consol., 516 F. 3d 955, 974 n.43 (11th Cir. 2008). Moreover, while a pro se litigant's allegations are held to a less stringent standard, they must still meet minimum pleading standards. Pugh v. Farmers Home Admin., 846 F. Supp. 60, 61 (M.D. Fla. 1994). Where, on a dispositive issue of law, "no construction of the factual allegations will support the cause of action, dismissal of the complaint is appropriate." Hilliard v. Black, 125 F.Supp.2d 1071, 1073-74 (N.D. Fla. 2000)(citations omitted).

Furthermore, under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "The purpose of a motion to strike is 'to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters.'" Liberty Media Holdings, LLC v. Wintice Group, Inc., 6:10-CV-44-ORL-19GJK, 2010 WL 2367227, at *1 (M.D. Fla. June 14, 2010)(internal citations omitted). Courts should strike items in a pleading "only if 'the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party.'" Id. (citing Reyher v. Trans World Airlines, Inc., 881 F.Supp. 574, 576 (M.D. Fla. 1995)).

Here, Plaintiff appears to attempt to assert claims under 42 U.S.C. § 1983 for excessive force in violation of his rights of the Fourth and Eighth Amendments during the course of his arrest on May 11, 2018, as well as claims against the City and the Chief of Police for negligent training and supervision. First, Plaintiff alleges that the actions taken against him were made during his arrest, and therefore fails to assert sufficient factual allegations to state a claim under the Eighth Amendment. Second, Plaintiff fails to allege any conduct on the part of Officer Gulledge that constitutes a violation of his rights under the Fourth Amendment or any other law, and accordingly, Officer Gulledge should be dismissed from Plaintiff's lawsuit. Third,

Plaintiffs' official capacity claims are duplicative of the claims asserted against the City itself and should be stricken. Finally, Plaintiff fails to allege sufficient facts to state a claim for municipal liability, and claims against the City should be dismissed as well.

## II. Plaintiff fails to state a claim for relief under the Eighth Amendment of the U.S. Constitution

To the extent Plaintiff attempts to assert a violation of his rights under the Eighth Amendment, Plaintiff fails to state a claim upon which relief can be granted. Claims for excessive force in the course of an arrest are properly analyzed under the Fourth Amendment, not the Eighth Amendment. Hardy v. Town of Hayneville, 50 F. Supp. 2d 1176, 1186 (M.D. Ala. 1999)(explaining that "because the Plaintiff in this case challenges his treatment during his arrest and pre-trial detention, the Plaintiff's Eighth Amendment claims are due to be dismissed."); Patterson v. Fuller, 654 F. Supp. 418, 421 (N.D. Ga. 1987) (noting that "Eighth Amendment rights attach only upon conviction."); Cottrell v. Caldwell, 85 F. 3d 1480, 1490 (11th Cir. 1996)(explaining that the Eighth Amendment's Cruel and Unusual Punishment Clause applies to claims by convicted prisoners, not arrestees or pre-trial detainees). Plaintiff alleges the use of excessive force during the course of his arrest. Accordingly, the Eighth Amendment does not apply and any such claim under that Amendment should be dismissed.

## III. Plaintiff's allegations fail to identify Defendant Gulledge engaged in conduct that violated his rights under the U. S. Constitution and 42 U.S.C. § 1983.

All claims indicating law enforcement officers have used excessive force during the course of an arrest, investigatory stop, or other seizure should be analyzed under the Fourth Amendment. Upon review of Plaintiff's Complaint, he fails to allege Defendant Gulledge engaged in any conduct giving rise to a claim for excessive force.

Plaintiff fails to make any allegation of fact against Defendant Gulledge that would establish he took part in any action that caused him injury. Conclusory allegations implicating only Defendant Gulledge's presence – to the extent such an allegations can be gleaned from the Complaint here – are simply insufficient to state a claim for which relief can be granted as to Defendant Gulledge. Accordingly, even if this Court construes Plaintiff's Complaint to state a cause of action against Defendants Bardwell and Landry for some violation of federal law, Plaintiff's Complaint should be dismissed in its entirety as to Defendant Gulledge because it is devoid of any allegations that would give rise to a claim against him.

**IV.    Plaintiff's claims under 42 U.S.C. § 1983 against Defendants Giddens, Bardwell, Landry, or Gulledge in their official capacity should be stricken as redundant of their claims against the City. Plaintiff fails to state a cause of action for municipal liability against the City.**

Suits brought against an officer in his official capacity and direct suits against a municipality are "functionally equivalent" because local government units can be sued directly. Busby v. City of Orlando, 931 F. 2d 764, 776 (11th Cir. 1991). Because Plaintiff's claims against Defendants Giddens, Bardwell, Landry, and Gulledge in their official capacity are equivalent to a cause of action against the municipality itself, in this case the City of Lakeland, such official capacity claims are redundant and should be stricken as they would tend to cause confusion if allowed to proceed to trial with the claim against the City as well as the claims against the Officers in their individual capacities.

**V.    Plaintiff fails to state a cause of action for municipal liability against the City.**

The United States Supreme Court "has placed strict limitations on municipal liability under § 1983." Gold v. City of Miami, 151 F. 3d 1346, 1350 (11th Cir. 1998); Grech v. Clayton County, 335 F. 3d 1326, 1329 (11th Cir. 2003). Before a public entity can be liable under § 1983, a plaintiff must either prove that an official policy of the entity caused the alleged

5

deprivation, or that an unofficial custom or practice of the entity is so entrenched in the entity so as to have literally become the "force of law." Monell v. Department of Social Servs., 436 U.S. 658, 690-691 (1978).

Plaintiff simply alleges Giddens, as Chief of Police, and the City were "negligent in using, establishing or allowing a policy or procedure that fostered or encouraged the use of excessive force." (Doc. 1 at 9). Such conclusory and vague "official custom or policy" allegations fail to meet the barest of notice pleading requirements, let alone *Twombly's* required plausibility threshold. Accordingly, such claims must be dismissed. Twombly, 550 U.S. at 561-62.

Furthermore, a municipality's liability under § 1983 may not be based on the doctrine of *respondeat superior* alone. Monell, 436 U.S. at 694. A local government is "liable under section 1983 only for acts for which it is actually responsible, 'acts which the [local government] has officially sanctioned or ordered.'" Turquitt v. Jefferson County, 137 F. 3d 1285, 1287 (11th Cir. 1998)(quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 479-80 (1986). Plaintiff must show that the City's alleged custom or practice is "the 'moving force [behind] the constitutional violation.'" City of Canton v. Harris, 489 U.S. 378, 389 (1989)(citing Monell, 436 U.S. at 694 and Polk County v. Dodson, 454 U.S. 312, 326 (1981)).

Plaintiff's allegations are insufficient to assert a claim under 42 U.S.C. § 1983 against Defendant Giddens in his official capacity or the City of Lakeland, and therefore, the municipal claims must be dismissed.

### VI. To the extent that Plaintiff asserts a claim for negligence under state law, he has failed to comply with conditions precedent under Fla. Stat. § 768.28.

Section 768.28(6)(a), Florida Statutes, provides, in pertinent part, that "[a]n action may not be instituted on a claim against the state or one of its agencies or subdivisions unless the

claimant presents the claim in writing to the appropriate agency . . . within 3 years after such claims accrues and . . . the appropriate agency denies the claim in writing." This requirement of pre-suit notice is a condition precedent to maintaining an action. Fla. Stat. § 768.28(6)(b); see also Wagatha v. City of Satellite Beach, 865 So. 2d 620, 622 (Fla. 5th DCA 2004). Plaintiff did not present, nor has he alleged the presentation of his claim in writing to City or the within three (3) years after his claims accrued. Accordingly, to the extent Plaintiff attempts to state any state law claims for negligence against Defendants, such claims are barred and should be dismissed.

WHEREFORE, Defendants respectfully request that the claims asserted against them in Plaintiff's Complaint be dismissed, or at a minimum, that claims against the individual defendants in their official capacities be dismissed as redundant and duplicative of Plaintiff's claims against the City.

### CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was electronically filed using the CM/ECF system and that a true and correct copy of the foregoing was served by U.S. Mail to Plaintiff, Christopher P. Allen, ID Number 1820208, Polk County Jail, P.O. Box 1848, Pinellas Park, Florida 33780 on this 7th day of January, 2019.

GRAYROBINSON, P.A.

*/s/ Kristie Hatcher-Bolin*
**MARK N. MILLER, ESQUIRE**
Florida Bar No. 239216
mark.miller@gray-robinson.com
karen.pollard@gray-robinson.com
**KRISTIE HATCHER-BOLIN, ESQUIRE**
Florida Bar No. 521388
kristie.hatcher-bolin@gray-robinson.com
linda.august@gray-robinson.com
Post Office Box 3
Lakeland, Florida 33802-0003
Telephone: (863) 284-2251

Facsimile: (863) 683-7462
Attorneys for Defendants

\4120287\117 - # 2480787 v1