```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION
```

CHRISTOPHER P. ALLEN,

        Plaintiff,
v.                                      Case No. 8:18-cv-2444-T-33CPT

CITY OF LAKELAND, et al.,

        Defendants.
_____/

**ORDER**

This matter comes before the Court upon consideration of Plaintiff Christopher P. Allen's Motion for a Trial by Jury (Doc. # 112), filed on November 20, 2020. Defendants Cody Bardwell, Chad Landry, Jeremy Williams, Roberto Garibaldi, and Adam Williams (collectively, "Defendants") responded in opposition on November 25, 2020. (Doc. # 113). For the reasons set forth below, the Motion is granted.

**I.  Background**

Both the Court and the parties are familiar with the facts of this case, and thus, the Court need not reiterate them here. Proceeding pro se, Allen initiated this Section 1983 excessive force action on October 1, 2018. (Doc. # 1). Allen then amended his complaint on February 5, 2019. (Doc. # 30). Neither complaint, nor any of the other pleadings, included a demand for a jury trial. (Doc. ## 1; 30).

1

After Defendants filed their answers and the parties proceeded with discovery, the Court granted in part Defendants' motion for summary judgment on July 31, 2020. (Doc. ## 33; 40; 87). The Court entered judgment in favor of Defendants as to Allen's claims "against the City of Lakeland, and Chief Giddens in his individual and official capacities, as well as the official capacity claims against Sergeant Adam Williams, Officer Cody Bardwell, Officer Chad Landry, Officer Jeremy Williams, and Officer Roberto Garibaldi." (Id. at 33-34). The case remains as to Allen's individual capacity excessive force and failure-to-intervene claims, "as well as [his] state law claims [for] assault and battery." (Id.).

On August 11, 2020, the Court granted Allen's motion to appoint counsel. (Doc. # 88). Attorneys J. Logan Murphy and Scott McLaren filed notices of appearance on Allen's behalf on September 8, 2020. (Doc. ## 91; 92). The Court then entered its case management and scheduling order, and trial is scheduled for the February 2021 term. (Doc. # 98 at 1).

On November 20, 2020, Allen, now represented by counsel, filed a motion for a jury trial. (Doc. # 112). Defendants responded (Doc. # 113), and the Motion is ripe for review.

**II.  Discussion**

Allen moves the Court "for a trial by jury on all issues pursuant to Federal Rule of Civil Procedure 39(b)," (Doc. # 112 at 1), which states: "Issues on which a jury trial is not properly demanded are to be tried by the court. But the court may, on motion, order a jury trial on any issue for which a jury might have been demanded," Fed. R. Civ. P. 39(b). Allen argues that "[u]ntil the Court assigned pro bono counsel, [he] did not understand the need to make [a jury trial] demand or the consequences of failing to do so." (Doc. # 112 at 1). Defendants respond – recognizing the Court's discretion on this matter – that Allen's "extensive delay, as well as the reason for his tardiness . . . militates against granting [the] Motion." (Doc. # 113 at ¶ 2-3).

In the Eleventh Circuit, "the general rule governing belated jury requests under Rule 39(b) is that the trial court 'should grant a jury trial in the absence of strong and compelling reasons to the contrary.'" Perez v. Holt, No. 8:09-cv-261-T-33MAP, 2010 WL 2822170, at *1 (M.D. Fla. July 16, 2010) (citation omitted). Courts consider the following factors in deciding a Rule 39(b) motion: "(1) whether the case involves issues which are best tried to a jury; (2) whether granting the motion would result in a disruption of

the court's schedule or that of the adverse party; (3) the degree of prejudice to the adverse party; (4) the length of the delay in having requested a jury trial; and (5) the reason for the movant's tardiness in requesting a jury trial." Parrott v. Wilson, 707 F.2d 1262, 1267 (11th Cir. 1983). Still, district courts "have broad discretion" in considering such motions. Id.

Upon review of the Motion, Defendants' response, and after considering the aforementioned factors, the Court finds that granting the requested relief is appropriate. Indeed, courts in this Circuit have previously granted Rule 39(b) motions on the basis that the defendant was proceeding pro se and failed to request a jury trial until counsel was retained, including in excessive force cases. See, e.g., United States v. Hatcher, No. 06-14032, 2007 WL 4846841, at *2 (S.D. Fla. Dec. 4, 2007) (accepting this argument as a reasonable excuse for the defendant's tardiness in requesting a jury trial); Perez, 2010 WL 2822170, at *2 ("Likewise, the Court accepts Perez's argument that he was proceeding pro se up until he was appointed [counsel] as a reasonable ground on which to excuse his tardiness in filing a request for a jury trial.").

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff Christopher P. Allen's Motion for a Trial by Jury (Doc. # 112) is **GRANTED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 4th day of December, 2020.

*Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE